UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDWARD LEON WOODS,<br><br>                    Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 2:15-cv-00135-RBL<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff Woods has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits.

FACTUAL AND PROCEDURAL HISTORY

Woods protectively filed applications for disability insurance benefits and SSI benefits on April 22, 2011, claiming he became disabled beginning May 1, 2008. *See* Dkt. 11, Administrative Record ("AR") 13. Those applications were denied upon initial administrative review on June 9, 2011, and on reconsideration on January 27, 2012. *See id.* An ALJ held a hearing on March 18, 2013. Woods and his attorney appeared and testified, as did a vocational expert. *See* AR 42-83.

In a decision dated May 30, 2013, the ALJ determined Woods to be not disabled. *See* AR 13-35. Woods's request for review of the ALJ's decision was denied by the Appeals Council on November 21, 2014, making that decision the final decision of the Commissioner of Social Security. *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481. On January 30, 2015, Woods filed a

ORDER - 1

complaint in this Court seeking judicial review of the Commissioner's final decision. The matter is ripe for the Court's review.

Woods argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in evaluating Woods's credibility; and (3) in finding Woods to be capable of performing other jobs existing in significant numbers in the national economy. For the reasons below, the ALJ did not err in determining Woods to be not disabled, and the decision to deny benefits is AFFIRMED.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is

required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

A.  Medical Evidence.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

---

[1] The Ninth Circuit has explained that the Commisioner (and not the court) resolves conflicts in the evidence:

> It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A nonexamining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

ORDER - 4

1. <u>State agency medical consultant Guillermo Rubio, M.D.</u>

Woods asserts that the ALJ erred by giving great weight to the medical opinion of state agency consultant Guillermo Rubio, M.D. *See* Dkt. 13, pp. 4-6. Woods argues that the ALJ improperly relied entirely on the "stale" opinion of a non-examining source over that of examining physicians.[2] *See* Dkt. 13, pp. 4-5. However, Woods mischaracterizes the ALJ's decision, as he gave weight to portions of the opinions of several treating and examining physicians, giving specific reasons for discounting other portions of their opinions, which Woods does not challenge here. *See* AR 29-32. Finding that Dr. Rubio's opinion was consistent with other medical evidence in the record, the ALJ properly gave it weight while in fact assessing stronger limitations in Woods's RFC. *See* AR 33; *Lester*, 81 F.3d at 830-31. That other medical evidence was produced from after the date of Dr. Rubio's opinion does not alone render it stale. Unlike in the several cases cited by Woods, Dr. Rubio's 2012 opinion was not issued several years before the ALJ's decision, nor did the ALJ fail to consider and address the subsequent medical evidence and give reasons for discounting any opined limitations not included in the RFC. *See* AR 29-32, 107-17. Therefore, the ALJ's assignment of great weight to Dr. Rubio's opinion was not error.

2. <u>Treating physician Kim Vanderzee, M.D.</u>

Woods asserts that the ALJ erred by discounting the opinion of treating physician Kim Vanderzee, M.D. *See* Dkt. 13, pp. 6-10.[3] Among the many discounted limitations opined by Dr.

---

[2] Woods also notes that the ALJ did not indicate to which of Dr. Rubio's two opinions he was giving great weight. *See* Dkt. 13, p. 4. However, the RFC assessed by the ALJ is consistent with the more restrictive of Dr. Rubio's two opinions, so Woods shows no harmful error. *See* AR 18, 107-17, 118-27.

[3] In this section of the brief, Woods also notes that several other physicians found more restrictive limitations than those assessed in the RFC. *See* Dkt. 13, pp. 6-7. However, he fails to argue with any specificity against the reasons given by the ALJ for discounting those opinions. *See id.* Therefore, Woods fails to sufficiently raise any issues here. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues

ORDER - 5

Vanderzee, Woods specifically takes issue only with the ALJ's dismissal of Dr. Vanderzee's 2012 statement that Woods had not improved over the past two years as a conclusory statement that went to the ultimate issue of disability. *See* Dkt. 13, pp. 7-8. However, what the ALJ was dismissing as conclusory was Dr. Vanderzee's full statement that Woods was unlikely to be able to maintain full-time employment in even a sedentary capacity, as his condition had not improved. *See* AR 32. In dismissing the statement as a whole, the ALJ was not addressing whether it was factually accurate that Woods had not improved over the past two years. The ALJ was properly giving little weight to the ultimate opinion that Woods could not perform even sedentary work because it is a conclusory statement that has no applicability to assessing Woods's RFC. *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (ALJ not bound by medical opinions on ultimate issue of disability). Regardless, whether or not Woods had improved is similarly a conclusory statement that cannot be translated into a functional assessment.[4] Therefore, the ALJ did not err by dismissing Dr. Vanderzee's statement.

3. <u>The remaining medical evidence.</u>

Woods continues to assert that the ALJ erred in evaluating the medical evidence in various ways. *See* Dkt. 13, pp. 11-12. However, in doing so, Woods fails to identify harmful error with any specificity. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court may decline to address issues raised without any specificity). For any alleged error in the ALJ's analysis of the medical evidence to be harmful, it must be clear that

---

raised without any specificity). The Court will not re-weigh the record on its own, as "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample*, 694 F.2d at 642.

[4] Woods spends a significant portion of his Opening Brief arguing that he in fact had not improved during the two years prior to March of 2012, as Dr. Vanderzee opined. *See* Dkt. 13, pp. 8-10. However, Woods fails to argue with any specificity against the specific and legitimate reasons the ALJ already gave for discounting parts of Dr. Vanderzee's various opinions during that earlier time frame. *See* AR 31-32. Even if the ALJ agreed that Woods had not improved, his reasons for discounting Dr. Vanderzee's opined limitations would remain unchanged. Woods shows no harmful error.

ORDER - 6

the RFC assessed (and therefore the step-five analysis) was not supported by substantial evidence. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his "substantial rights," which is to say, not merely his procedural rights.") (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)). While Woods disagrees with the ALJ finding significance in Dr. Vanderzee's concurrence with other assessments, he fails to show any impact on the RFC assessed.

B.  The ALJ's Evaluation of Woods's Credibility.

Questions of credibility are left solely to the ALJ. *See Sample*, 694 F.2d at 642. The Court should not "second-guess" credibility determinations. *Allen*, 749 F.2d at 580.  The Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *See id.* at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan*, 242 F.3d at 1148.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. *See O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning

ORDER - 7

symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *See id.*

Plaintiff contends that the ALJ erred in stating that Woods's allegations were not fully credible. *See* Dkt. 13, pp. 12-16. The ALJ found Woods's allegations not to be fully credible for several reasons: they were not fully consistent with the treatment record, they were inconsistent with reports in the record regarding Woods's activities, and Woods did not fully comply with treatment recommendations. *See* AR 19.

As noted by the ALJ, the alleged intensity of Woods's restrictions was contradicted by his performance-based physical capacity evaluation, administered in October of 2012. *See* AR 19. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle*, 533 F.3d at 1161. Woods alleged that he could not bend, stoop, squat, or lift more than five pounds. *See* AR 56, 239, 263. However, during the six-hour performance-based functional assessment, physicians found that Woods was able to perform these tasks at the level of sedentary work. *See* AR 1012-15. Woods does not allege any error in this reasoning. *See* Dkt. 13, pp. 12-16. This clear and convincing reason is sufficient to affirm the ALJ's credibility determination, being supported by substantial evidence. *See Tonapetyan*, 242 F.3d at 1148.

C.   The ALJ's Findings at Step Five.

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999);

ORDER - 8

20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, the ALJ posed a hypothetical question to the vocational expert containing substantially the same limitations as were included in the ALJ's assessment of Woods's RFC. *See* AR 76-82. In response to that question, the vocational expert testified that an individual with those limitations—and with the same age, education and work experience as Woods—would be able to perform other jobs. *See id*. Based on the testimony of the vocational expert, the ALJ found Woods would be capable of performing other jobs existing in significant numbers in the national economy. *See* AR 34-35.

Again, Woods argues that given the ALJ's harmful errors alleged above, the hypothetical question the ALJ posed is incomplete. *See* Dkt. 13, pp. 16-18. But because the ALJ did not commit any harmful error, here too the ALJ did not err.

ORDER - 9

CONCLUSION

The ALJ properly concluded Woods was not disabled. Defendant's decision to deny benefits is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 22nd day of December, 2015.

_____
Ronald B. Leighton
United States District Judge

ORDER - 10